Oral Argument Not Yet Scheduled

No. 22-3056

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
**Plaintiff-Appellee,**

v.

GUY WESLEY REFFITT,
**Defendant-Appellant.**
_____

Appeal from the United States District Court
for the District of Columbia
_____

BRIEF OF APPELLANT
_____

F. CLINTON BRODEN
Broden & Mickelsen
2600 State Street
Dallas, TX 75204
(214) 720-9552
(214) 720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Appellant
Guy Wesley Reffitt

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

### A.  Parties and Amici

Guy Wesley Reffitt

United States of America

There are no amici.

### B.  Rulings Under Review

The rulings under review are the application of the United States Sentencing Guidelines by the Honorable Dabney L. Friedrich and can be found at App.093-094, 101-103.

### C.  Related Cases

This case has not previously been reviewed by this Court or any other court. This case arises out of the January 6 prosecutions, and there may be other cases pending before this Court and/or the District Court for the District of Columbia that raise issues related to the scope of U.S.S.G. § 2J1.2.  Nevertheless, counsel is not aware of any specific cases in which such issues are currently pending.

# TABLE OF CONTENTS

**Page No.**

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES....................2

TABLE OF CONTENTS..................................................................................3

TABLE OF AUTHORITIES.............................................................................5

STATEMENT OF JURISDICTION...................................................................7

STATEMENT OF THE ISSUES.......................................................................8

STATEMENT OF THE CASE..........................................................................9

STATUTES AND REGULATIONS.................................................................11

SUMMARY OF THE ARGUMENT.................................................................13

    I. The District Court Improperly Expanded the Definition of "Administration of Justice" Under U.S.S.G. § 2J1.2. to Include Interference with the Electoral College Vote.....................................................................................................13

    II. Bringing Tools to Commit Criminal Offenses and Traveling a Long Distance to Commit Those Offenses Does Not Make those Offenses "Extensive in Scope, Planning, or Preparation" for Purposes of U.S.S.G. § 2J1.2(b)(3).........13

ARGUMENT................................................................................................15

    I. THE DISTRICT COURT IMPROPERLY EXPANDED THE DEFINITION OF "ADMINISTRATION OF JUSTICE" UNDER U.S.S.G. § 2J1.2. TO INCLUDE INTERFERENCE WITH THE ELECTORAL COLLEGE VOTE RESULTING IN A COMBINED ELEVEN LEVEL ENHANCEMENT IN MR. REFFITT'S TOTAL OFFENSE LEVEL...................................................15

        A. Standard of Review.............................................................15

        B. Factual Background............................................................15

C. Discussion...........................................................................................16

II.  BRINGING TOOLS TO COMMIT CRIMINAL OFFENSES AND
TRAVELING A LONG DISTANCE TO COMMIT THOSE OFFENSES
DOES NOT MAKE THOSE OFFENSES "EXTENSIVE IN SCOPE,
PLANNING, OR PREPARATION" FOR PURPOSES OF U.S.S.G. §
2J1.2(B)(3)................................................................................................20

A. Standard of Review..............................................................................20

B.  Factual Background.............................................................................20

C. Discussion............................................................................................21

CONCLUSION.................................................................................................24

CERTIFICATE OF SERVICE............................................................................25

CERTIFICATE OF COMPLIANCE..................................................................26

## TABLE OF AUTHORITIES

**Page No.**

### Cases

*United States v. Bakhtiari*, 714 F.3d 1057 (11th Cir. 2013)...........................................22

*United States v. Bikundi*, 926 F.3d 761 (D.C. Cir. 2019)..............................................20

*United States v. Connell*, 2023 WL 4314903 (D.D.C. July 3, 2023)...........................16

*United States v. Fitzsimons*, 605 F.Supp. 3d 132 (D.D.C. 2022)..................................16

*United States v. McKeever*, 824 F.3d 1113 (D.C. Cir. 2016).......................................15

*United States v. Newman*, 614 F.3d 1232 (11th Cir. 2010)...........................................22

*United States v. Reffitt*, 602 F.Supp. 3d 85 (D.D.C. 2022)...........................................16

*United States v. Rodriguez,* 499 Fed.Appx. 904 (11th Cir. 2012)................................23

*United States v. Rodriguez*, 2022 WL 3910580 (D.D.C. Aug 31, 2022).....................16

*United States v. Seefried*, 639 F.Supp. 3d 8 (D.D.C. 2022)....................................17, 19

*United States v. Seefried*, No. 23-3024 (D.C. Cir.)......................................................18

*United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018)...........................18, 19, 20

*United States v. Wright*, 2023 WL 2387816 (D.D.C. March 4, 2023).........................20

### Other Authorities

18 U.S.C. § 231(a)(2)......................................................................................................9

18 U.S.C. § 231(a)(3)......................................................................................................9

18 U.S.C. § 1512(a)(2)(C)...............................................................................................9

18 U.S.C. § 1512(c)(2)..................................................................................9, 16

18 U.S.C. § 1752(a)(1)........................................................................................9

18 U.S.C. § 1752(b)(1)(A)..................................................................................9

18 U.S.C. § 3742(a)............................................................................................7

28 U.S.C. § 1291................................................................................................7

U.S.S.G. § 2J1.2...........................................2, 8, 11, 13, 15, 17, 18, 19, 20

U.S.S.G. § 2J1.2(b)(1)(B)...........................................................................15, 19

U.S.S.G. § 2J1.2(b)(2)................................................................................15, 20

U.S.S.G. § 2J1.2(b)(3)..............................................8, 13, 14, 20, 21, 22, 23

## <u>STATEMENT OF JURISDICTION</u>

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291 as an appeal from a final judgment entered by the United States District Court for the District of Columbia. Furthermore, jurisdiction to review the sentence imposed in this case is invoked pursuant to 18 U.S.C. § 3742(a) as an appeal of a sentence imposed under the Sentencing Reform Act of 1984

## STATEMENT OF THE ISSUES

I.      Whether the District Court Improperly Expanded the Definition of "Administration of Justice" under U.S.S.G. § 2J1.2.


II.     Whether bringing tools to commit criminal offenses and traveling a long distance to commit those offenses make those offenses "extensive in scope, planning, or preparation" for purposes of U.S.S.G. § 2J1.2(b)(3).

**STATEMENT OF THE CASE**

## I.  Proceedings Below

On September 15, 2021, Guy Wesley Reffitt was charged in a five count Second Superseding Indictment with Civil Disorder, in violation of 18 U.S.C. § 231(a)(2) (Count 1); Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count 2); Entering a Restricted Building or Grounds with a Deadly Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count 3); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 4); and Obstruction of Justice-Hindering Communication Through Physical Force or Threat of Physical Force, in violation of 18 U.S.C. § 1512(a)(2)(C) (Count 5).  App.037-039.

Mr. Reffitt was convicted on all counts following a jury trial held between February 28, 2022 and May 8, 2022.  App.040.

On August 1, 2022, Mr. Reffitt was sentenced to sixty months imprisonment on Counts 1 and 4 and eighty-seven months imprisonment on Counts 2, 3, and 5, with all sentences to run concurrently.  App.044-051.  In addition, Mr. Reffitt was ordered to pay restitution in the amount of $2,000, pay a special assessment of $500, and was placed on three years supervised release.  App.044-051.

On August 15, 2022, Mr. Reffitt filed a timely notice of appeal.  App.087-088.

## II. Statement of Facts

Both issues on appeal relate to specific applications of the United States

9

Sentencing Guidelines and the facts related to those issues are addressed in the distinct

arguments below in the interest of clarity.

## STATUTES AND REGULATIONS

U.S.S.G. § 2J1.2 provides:

§ 2J1.2 Obstruction of Justice

(a)      Base Offense Level:  14

(b)      Specific Offense Characteristics

(1)      (Apply the greatest):

(A)      If the (i) defendant was convicted under 18 U.S.C. § 1001; and (ii) statutory maximum term of eight years' imprisonment applies because the matter relates to sex offenses under 18 U.S.C. § 1591 or chapters 109A, 109B, 110, or 117 of title 18, United States Code, increase by 4 levels.

(B)      If the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice, increase by 8 levels.

(C)      If the (i) defendant was convicted under 18 U.S.C. § 1001 or § 1505; and (ii) statutory maximum term of eight years' imprisonment applies because the matter relates to international terrorism or domestic terrorism, increase by 12 levels.

(2)      If the offense resulted in substantial interference with the administration of justice, increase by 3 levels.

(3)      If the offense (A) involved the destruction, alteration, or fabrication of a substantial number of records, documents, or tangible objects; (B) involved the selection

11

of any essential or especially probative record, document, or tangible object, to destroy or alter; or (C) was otherwise extensive in scope, planning, or preparation, increase by 2 levels.

(c)     Cross Reference

(1)     If the offense involved obstructing the investigation or prosecution of a criminal offense, apply §2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

# SUMMARY OF THE ARGUMENT

## I.  The District Court Improperly Expanded the Definition of "Administration of Justice" Under U.S.S.G. § 2J1.2. to Include Interference with the Electoral College Vote.

After conceding that the Sentencing Commission did *not* include the Capitol breach in its use of the term "administration of justice" under U.S.S.G. § 2J1.2, the District Court decided on its own that it should expand the guideline definition of "administration of justice" to enhance Mr. Reffitt's sentencing guidelines by eleven levels.  The District Court did this despite the fact that the burden to establish the enhancements was on the government and despite this Court's disdain for expanding the reach of sentencing guidelines beyond their textual meanings. Moreover, the District Court's expansive definition of "administration of justice" for purposes of dramatically increasing Mr. Reffitt's sentencing guidelines (a 62 percent increase) was incongruous with the way this term was interpreted when dealing with the statute (18 U.S.C. § 1512 (c)(2) underlying the guideline application.

## II.  Bringing Tools to Commit Criminal Offenses and Traveling a Long Distance to Commit Those Offenses Does Not Make those Offenses "Extensive in Scope, Planning, or Preparation" for Purposes of U.S.S.G. § 2J1.2(b)(3).

The little case law that exists regarding the application of U.S.S.G. § 2J1.2(b)(3) makes clear that traveling a long distance in order to commit an offense does not make a defendant's actions extensive.  Likewise, packing the items to assist in committing the offenses for which a defendant was convicted should not qualify as

"extensive." Indeed, in this case, the § 2J1.2(b)(3) enhancement was based, in part, on the fact that Mr. Reffitt brought a firearm to the Capitol as part of a civil disorder. Nevertheless, had Mr. Reffitt not brought a firearm to the Capitol as part of a civil disorder, he would not have been guilty of at least two of the counts of conviction.

## ARGUMENT

### I.  THE DISTRICT COURT IMPROPERLY EXPANDED THE DEFINITION OF "ADMINISTRATION OF JUSTICE" UNDER U.S.S.G. § 2J1.2. TO INCLUDE INTERFERENCE WITH THE ELECTORAL COLLEGE VOTE RESULTING IN A COMBINED ELEVEN LEVEL ENHANCEMENT IN MR. REFFITT'S TOTAL OFFENSE LEVEL.

#### A.  Standard of Review

Because this claim is "purely legal"—calling on this Court decide the soundness of a district court's Guidelines interpretation—the Court reviews it *de novo*. *See, e. g., United States v. McKeever*, 824 F.3d 1113, 1119 (D.C. Cir. 2016).

#### B.  Factual Background

As a result of Mr. Reffitt's convictions on Counts 1, 2, and 3, the Court grouped those counts for sentencing guideline purposes and applied U.S.S.G. § 2J1.2 to determine Mr. Reffitt's offense level.  App.060-062.[1]  Mr. Reffitt's offense level was increased pursuant to U.S.S.G. § 2J1.2(b)(1)(B) because the offense allegedly involved causing or threatening physical injury to a person "in order to obstruct *the administration of justice*."  App.061.  (emphasis added).  Similarly, his offense level was increased pursuant to U.S.S.G. § 2J1.2(b)(2) because the offense allegedly

---

[1]The sentencing guidelines for Count 5 were also grouped with Counts 1-3 because Count 5 involved specific offense characteristics applied to the guideline for Counts 1-3.  App.060.  While Count 4 formed its own group for the purposes of the sentencing guidelines, the offense level for Count 4 was significantly lower than for the Counts 1-3 and 5 group and, as a result, had no effect on the Total Offense Level.  Appx.060.  In other words, the application of U.S.S.G. § 2J1.2 was dispositive as to the calculation of the Total Offense Level in this case.  App.062.

involved "substantial interference with *the administration of justice."* App.061. (emphasis added).

Mr. Reffitt objected to both of these enhancements on the basis that any alleged attempt to interfere with the counting of the Electoral College ballots did not relate to "the administration of justice." App.089-093. The District Court overruled these objections. App.093-094. The two enhancements at issue resulted in a combined eleven-level increase in Mr. Reffitt's Total Offense Level. App.061. This eleven-level increase was a 62% increase in Mr Reffitt's Total Offense Level.

## C. Discussion

Almost every court considering the scope of 18 U.S.C. § 1512(c)(2) in January 6 cases, including the District Court in this case, rejected arguments that this statute was limited to instances involving the "administration of justice." [2] In other words, these courts acknowledged that interference with the Electoral College vote did *not*

---

[2]*See, e.g., United States v. Reffitt*, 602 F.Supp. 3d 85, 96 (D.D.C. 2022) ("Thus, [18 U.S.C. § 1512(c)(2)] requires an intent to obstruct an official proceeding, as opposed [to] the due administration of justice."); *United States v. Fitzsimons*, 605 F.Supp. 3d 132, 141 (D.D.C. 2022) ("[T]he Court declines to follow the Seventh Circuit pattern instructions in defining "corruptly" to relate solely to the administration of justice for purposes of § 1512(c)."); *United States v. Connell*, 2023 WL 4314903, *6 (D.D.C. July 3, 2023) (citing cases); *United States v. Rodriguez*, 2022 WL 3910580, *8 (D.D.C. Aug 31, 2022) ("In sum, defendants' attempt to narrow the reach of section 1512(c)(2) to obstructing the administration of justice in an adjudicative context is not supported by its legislative history or the structure of the statute as a whole, and it would be entirely inconsistent with the text of the prohibition against obstructing or impeding 'any' official proceeding, which was expressly defined to include a 'proceeding before the Congress.' ").

constitute obstruction of the "administration of justice, but such interference was still within the scope of the statute catch-all provision. Nevertheless, when it came time to sentence Mr. Reffitt, the District Court pivoted and found that, for sentencing purposes, Mr. Reffitt's January 6 actions *did* relate to the "administration of justice."

In *United States v. Seefried*, 639 F.Supp. 3d 8, 9 (D.D.C. 2022), Judge McFadden observed that the government should not be able to engage in incongruous arguments in order to "have its cake and eat it too."

> An inconsistency in the Government's litigating position also bears noting. January 6 defendants have argued in motions to dismiss their indictments that they have not violated § 1512(c) because the statutory phrase "official proceeding" only references proceedings that involve the administration of justice, and the electoral certification does not. *See, e.g., United States v. Sandlin*, 575 F. Supp. 3d 16, 23–24 (D.D.C. 2021). Seefried made the same argument here. See Mot. to Dismiss at 2, ECF No. 36.

> The Government has argued in opposition that § 1512(c) "operates as a catch-all to cover otherwise obstructive behavior that might not constitute a more specific" obstruction offense—such as obstruction of the administration of justice. *See* Opp'n to Mot. to Dismiss at 7–8, ECF. No. 44. Most judges in this district have agreed. *See, e.g., United States v. Montgomery*, 578 F. Supp. 3d 54, 61–65 (D.D.C. 2021) (explaining that Congress does not engage in the administration of justice). The Government cannot have its cake and eat it too. It would be incongruous for this Court to say pre-trial that the "official proceeding" of the electoral certification is more expansive than proceedings only involving the administration of justice, but then turn around at sentencing to say the opposite.

Judge McFadden applied a variety of statutory construction methods to reach the conclusion that § 2J1.2's reference to the "administration of justice" did *not*

include the Electoral College vote.  First, he turned to dictionary definitions such as Black's Law Dictionary defining " 'obstructing the administration of justice' and 'interfering with the administration of justice' as '[t]he skewing of the disposition of legal proceedings, as by fabricating or destroying evidence, witness-tampering, or threatening or intimidating a judge.' " *Id.*  (citations omitted).  Second, he applied "corpus linguistics" to conclude that an empirical approach to the term showed that "the least common usage of 'administration of justice' was as a broad term referring to government function generally.  *Id.*  Finally, he noted that this Court suggested that courts "should eschew deference to the [Sentencing] Commission where the commentary expands the meaning of the text of the Guidelines themselves,"[3] but, even if one was to consider the commentary to § 2J1.2:

> All the examples that the Commission provides evoke traditional notions of judicial or enforcement proceedings and are consistent with the Court's corpus linguistics analysis. None of them relate to a legislative proceeding."[4]

*Id.*

In rejecting Mr. Reffitt's argument below, the District Court did acknowledge that the Sentencing Commission did not anticipate the January 6th offenses when it

---

[3]*Id., citing*, *United States v. Winstead*, 890 F.3d 1082, 1092 (D.C. Cir. 2018)

[4]Interestingly, while *Seefried* has appealed his case, the government did not cross-appeal to contest Judge McFadden's conclusions.  *See United States v. Seefried*, No. 23-3024 (D.C. Cir.).

promulgated U.S.S.G. § 2J1.2.  App.094.  In fact, Judge McFadden in *Seefried* made

the same observation in concluding the definition of "administration of justice" should

*not be* expanded *beyond* what was anticipated by the Sentencing Commission.

> The Court acknowledges that this is a close interpretative call. If the
> Sentencing Commission had foreseen the Capitol breach, it may well
> have included "official proceeding" in the text of § 2J1.2.  *But the*
> *Commission did not*. Given that courts should interpret the Guidelines
> using traditional tools of statutory interpretation, this Court declines to
> rewrite § 2J1.2 to say what it does not.  If the Commission wishes to
> expand the text of the Guideline to include official proceedings such as
> the electoral certification, "it may seek to amend the language of the
> guidelines by submitting the change for congressional review." *Winstead*,
> 890 F.3d at 1092.

*Id* (emphasis added).

Of course, what the District Court in the instant case was really acknowledging

by its comments was that it *was* prepared to expand the definition of the

"administration of justice" beyond what had been anticipated by the Sentencing

Commission.  Nevertheless, as noted by Judge McFadden in *Seefried*, the burden is on

the government to prove a sentencing enhancement, and an enhancement of a guideline

beyond what was intended requires the Sentencing Commission to "seek to amend the

language of the guidelines by submitting the change for congressional review."

*Seefried*, 639 F.Supp. 3d at 9, *citing*, *Winstead*, 890 F.3d at 1092.

Because the District Court in the instant case expanded the term "administration

of justice" for purposes of U.S.S.G. § 2J1.2 and essentially allowed the government to

"have its cake and eat it too," the 8-level enhancement under § 2J1.2(b)(1)(B) and the

three-level enhancement under § 2J1.2(b)(2) should be reversed.[5]

## II. BRINGING TOOLS TO COMMIT CRIMINAL OFFENSES AND TRAVELING A LONG DISTANCE TO COMMIT THOSE OFFENSES DOES NOT MAKE THOSE OFFENSES "EXTENSIVE IN SCOPE, PLANNING, OR PREPARATION" FOR PURPOSES OF U.S.S.G. § 2J1.2(B)(3).

### A. Standard of Review

This Court "will give due deference to the [D]istrict [C]ourt's application of the

[sentencing] guidelines to facts. Due deference 'presumably falls somewhere between

*de novo* and clearly erroneous.' " *United States v. Bikundi*, 926 F.3d 761, 796-97 (D.C.

Cir. 2019) (citations omitted).

### B. Factual Background

In addition to the applications of U.S.S.G. § 2J1.2 discussed above, the District

Court also overruled Mr. Reffitt's objection and increased his Total Offense Level

under U.S.S.G. § 2J1.2(b)(3) based upon the allegation that his offense was "otherwise

---

[5]Mr. Reffitt acknowledges that several district courts have rejected the argument that the "administration of justice" enhancements in U.S.S.G. § 2J1.2 should not apply to cases involving the Electoral College. *See United States v. Wright*, 2023 WL 2387816, *5-7 (D.D.C. March 4, 2023) (collecting cases). Nevertheless, he submits that *Seefried* is the better reasoned opinion and that the conclusions by the other courts suffer from the same infirmity as the ruling below in this case: a unilateral expansion of the Sentencing Guideline beyond what was intended by the Sentencing Commission despite the government having the burden of proof regarding sentencing enhancements and despite the holding by this Court in *Winstead* that the correct process must be filed in order to expand the textual meaning of a sentencing guideline.

extensive in scope, planning or preparation." App.095-103.

In order to support this two-level enhancement, the Presentence Report pointed to the allegations that Mr. Reffitt: "planned for at least two weeks, recruiting other members of the TTP to join him on the cross-country trek. Additionally, he brought a firearm, helmet, bulletproof vest, flexicuffs, radio, and a megaphone to the US Capitol." App.061.[6]

The District Court found that it was a "close call" (App.098), but ultimately decided the enhancement should be applied:

> And I do think that there's enough evidence of planning and preparation here in terms of organizing the trip, in terms of gathering together this wide range of sophisticated gear, not just firearms, but a helmet, bulletproof vest, flex cuffs, radios, and megaphones. There was a lot of thought and planning that went into this offense.

App.102-103.

## C. Discussion

The question presented is essentially whether bringing the tools to commit criminal offenses and traveling a long distance to commit those offenses makes the offenses "extensive in scope, planning, or preparation" for purposes of U.S.S.G. § 2J1.2(b)(3). Mr. Reffitt submits that simply traveling to the location of the offense and

---

[6] In fact, the TTP member who accompanied Mr. Reffitt to Washington, Rocky Hardie, admitted while testifying as a government witness at trial that he made the decision to go to Washington on his own and was not recruited by Mr. Reffitt. App.041-043.

packing "tools of the trade" to commit the offense does not qualify as "extensive."[7]

There is a dearth of case law regarding the application of § 2J1.2(b)(3). Certainly traveling a long distance in order to commit an offense does not make a defendant's actions extensive. *See, e.g., United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010) (Kidnaping a child and taking the child from Florida to Dubai for eight years did not justify an enhancement under § 2J1.2(b)(3)). Likewise, packing the items to assist in committing the offenses for which a defendant was convicted should not qualify as "extensive." In fact, as noted above, the PSR based the § 2J1.2(b)(3) enhancement, in part, on the fact that Mr. Reffitt brought a firearm. Nevertheless, the interstate transportation of the firearm was necessary to support his conviction on Count1 1(transporting a firearm to be used in furtherance of a civil disorder), and possessing it was necessary to support his conviction on Count 3 (entering restricted grounds with a deadly or dangerous weapon).

In applying the enhancement, the District Court cited to two cases which involved much more than a defendant bringing items that he had at his house in case he needed to use them in committing the offenses for which he was ultimately convicted. App.096. The District Court first cited *United States v. Bakhtiari*, 714 F.3d 1057 (11th Cir. 2013). There, "Bakhtiari engaged in extensive planning to obtain the

---

[7]The government acknowledged that there was no evidence Mr. Reffitt purchased the items in question in order to commit the offenses of conviction and that the items may very well have been lying around his house. App.098.

photographs of B.H.'s house and family members, create a false email account, and otherwise plan and disguise his actions." *Id*. at 1062. In contrast, Mr. Reffitt did not engage in surreptitious behavior to disguise his offenses and committed them, for the most part, on national television. The District Court also cited *United States v. Rodriguez,* 499 Fed.Appx. 904 (11th Cir. 2012)*.* There, the Court of Appeals noted:

> It could not have been an easy task for Rodriguez to obtain a semen sample from her boyfriend while he visited her in a guarded visiting room and to then use that semen in such a way that would allow her to have semen-stained pants in her cell. To further corroborate her story, Rodriguez provided her boyfriend with a sample of her hair so he could later produce her hair with a semen sample on it. Rodriguez directed agents to her boyfriend so he could give them the hair sample.

*Id*. at *3. Here, in contrast, Mr. Reffitt simply loaded up items he may very well have had in his home and drove to Washington. There was nothing particularly elaborate about his undertaking despite the unprecedented nature of the events of January 6.[8]

In sum, bringing tools to commit criminal offenses and traveling a long distance to commit those offenses does not make the offenses "extensive in scope, planning, or preparation" for purposes of U.S.S.G. § 2J1.2(b)(3). Therefore, Mr. Reffitt's two-level enhancement under this guideline section should be reversed.

---

[8]The government pointed out at sentencing that Mr. Reffitt made the decision to commit his offenses prior to arriving in Washington. App.099. It is difficult to see how Mr. Reffitt's possible decision to commit the offenses of conviction for a couple of weeks prior to committing them qualifies as "extensive" for purposes of § 2J1.2(b)(3).

## **CONCLUSION**

For the foregoing reasons, the case should be remanded for resentencing consistent with this Court's opinion.

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Appellant
Guy Wesley Reffitt

## <u>CERTIFICATE OF SERVICE</u>

I, F. Clinton Broden, certify that on September 12, 2023, I caused a copy of the foregoing Brief of Appellant to be served by the electronic case filing system (ECF) on James Pearce.

<u>/s/ F. Clinton Broden</u>
F. Clinton Broden

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because:

    this brief contains <u>3,374</u> words, excluding the parts of the brief exempted
by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally spaced typeface using
WordPerfect software in Times New Roman 14-point font in text and
Times New Roman 12-point font in footnotes.


                        <u>/s/ F. Clinton Broden</u>
                        F. Clinton Broden