# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | APPEAL NO. |
| ) | |
| Plaintiff-Appellee, ) | 22-3056 |
| ) | |
| v. ) | |
| ) | |
| GUY WESLEY REFFITT, ) | |
| ) | |
| Defendant-Appellant. ) | |

## DEFENDANT-APPELLANT MOTION TO GOVERN

This Court previously ordered the parties to file motions to govern further proceedings in this case within 30 days of the Supreme Court's disposition of *Fischer v. United States* and this Court's decision in *United States v. Brock*, whichever came later. *Brock* was decided on March 1, 2024, and *Fischer* was decided on June 28, 2024. The relevant portions of both cases were decided against the government.

Mr. Reffitt has raised three issues on appeal to this Court:

I. THE DISTRICT COURT IMPROPERLY EXPANDED THE DEFINITION OF "ADMINISTRATION OF JUSTICE" UNDER U.S.S.G. § 2J1.2. TO INCLUDE INTERFERENCE WITH THE ELECTORAL COLLEGE VOTE RESULTING IN A COMBINED ELEVEN LEVEL ENHANCEMENT IN MR. REFFITT'S TOTAL OFFENSE LEVEL.

II. BRINGING TOOLS TO COMMIT CRIMINAL OFFENSES AND TRAVELING A LONG DISTANCE TO COMMIT THOSE OFFENSES DOES NOT MAKE THOSE OFFENSES "EXTENSIVE IN SCOPE, PLANNING, OR PREPARATION" FOR PURPOSES OF

U.S.S.G. § 2J1.2(B)(3).

III. 18 U.S.C. § 1512(C)(2) CANNOT BE APPLIED TO AN ALLEGED ATTEMPT TO INTERFERE WITH CONGRESS'S COUNTING OF THE ELECTORAL VOTE.

The first issue was resolved in *United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024). *Brock* unambiguously held that U.S.S.G. § 2J1.2 does *not* include interference with the electoral college vote in its definition of "administration of justice." That resolves Mr. Reffitt's first issue on appeal.

Because Mr. Reffitt's conviction under 18 U.S.C. § 1512(C)(2) must be reversed, U.S.S.G. § 2J1.2 should not be applied on remand and Mr. Reffitt withdraws this second issue from consideration by this Court.

Finally, the third issue is clearly governed by *Fischer v. United States*, 144 S.Ct. 2176 (2024). Mr. Reffitt had filed a pre-trial motion in the District Court arguing that 18 U.S.C. § 1512(C)(2) could not be applied to an alleged attempt to interfere with Congress's counting of the electoral vote. *See* Sup. App. 2d 001-019. The District Court denied the motion and specifically applied the "broad" reading of 18 U.S.C. § 1512(C)(2) that the Supreme Court rejected in *Fischer*. *See* Sup. App. 2d 135-136.[1]

---

[1] Likewise, the jury instructions in this case did not contain any limitation as to the reach of 18 U.S.C. § 1512(C)(2) which, again, was contrary to the Supreme Court's holding in *Fischer*. *See* Sup. App. 2d 163-167.

The government, in its Motion to Continue Abeyance filed on July 25, 2024, claims it needs more time "to determine its position" and that it is "seeking guidance from the Solicitor General." It does so even though it had previously opposed Mr. Reffitt's motion for release pending resolution of his appeal and despite the fact that Mr. Reffitt has been in custody since January 16, 2021. Simply put, the government is stalling. *Fischer* requires reversal of Mr. Reffitt's conviction on Count 2 and the clear language of the Supreme Court's opinion in that case does not allow for a different "position" or for the necessity of more "guidance." Indeed, the Supreme Court has given the government its "guidance."

Consequently, Mr. Reffitt requests this Court to expeditiously reverse his conviction on Count 2 based on the clear holding in *Fischer* and to hold that U.S.S.G. § 2J1.2 does *not* include interference with the electoral college vote in its definition of "administration of justice" based upon the clear holding in *Brock* and not countenance further delay. Likewise, he requests this Court allow him to withdraw his second issue related to the application of U.S.S.G. § 2J1.2(B)(3) to his case. This will allow Mr. Reffitt, who has likely served more time than his Sentencing Guidelines would otherwise provide for on remand, to be resentenced as soon as possible which could result in his release from custody.

Respectfully submitted,

/s/ F. Clinton Broden
F. Clinton Broden
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594 (facsimile)
clint@texascrimlaw.com

Attorney for Defendant-Appellant
Guy Wesley Reffitt

## CERTIFICATE OF SERVICE

I, F. Clinton Broden, certify that on July 29, 2024, I caused the foregoing document to be served by the electronic case filing system (ECF) on all counsel of record.

/s/ F. Clinton Broden
F. Clinton Broden

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d) and 32(a) because this motion contains <u>607</u> words.

2. This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using WordPerfect software in Times New Roman 14-point font in text.

<u>/s/ F. Clinton Broden</u>
F. Clinton Broden