# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-3056

UNITED STATES OF AMERICA,                                   Appellee,

v.

GUY WESLEY REFFITT,                                     Appellant.

## JOINT MOTION TO GOVERN FURTHER PROCEEDINGS

Pursuant to this Court's Order entered on August 14, 2024, appellant Guy Reffitt, and appellee, the United States of America, submit the following motion to govern future proceedings in this appeal. The parties respectfully request that the Court vacate Reffitt's conviction under 18 U.S.C. § 1512(c)(2)—leaving his other counts of conviction intact—and remand the case for further proceedings. In support of this motion, the parties state as follows:

1.     Following a jury trial, Reffitt was convicted on five counts for his conduct at the United States Capitol on January 6, 2021: (1) Transporting a Firearm in Furtherance of a Civil Disorder, in

violation of 18 U.S.C. § 231(a)(2) (Count One); (2) Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) and 2 (Count Two); (3) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) & (b)(1)(A) (Count Three); (4) Interfering with Law Enforcement Officers During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Four); and Obstruction of Justice by Hindering Communication Through Physical Force or Threat of Physical Force, in violation of 18 U.S.C. § 1512(a)(2)(C) (Count Five).

2. As reflected in Reffitt's original and supplemented briefs, he raises three claims on appeal—all of which involve his § 1512(c)(2) conviction. First, he argues that the district court erred in applying sentencing enhancements under U.S.S.G. §§ 2J1.2(b)(1)(B) and 2J1.2(b)(2) because Congress's certification of a presidential election does not constitute "administration of justice," as that term is used in § 2J1.2. Second, he argues that the district court erred in applying the sentencing enhancement under U.S.S.G. § 2J1.2(b)(3)(C) because bringing tools and traveling a long distance to commit offenses does not make those offenses

2

"extensive in scope, planning, or preparation." Finally, as reflected in his supplement, he challenges the validity of his § 1512(c)(2) conviction.

3. On January 18, 2024, the Court held this case in abeyance pending the disposition of two cases: *United States v. Fischer*, No. 22-3038 and *United States v. Brock*, No. 23-3045. The parties were ordered to file motions to govern future proceedings within 30 days after the disposition of those two cases.

4. On March 1, 2024, this Court decided *Brock*, holding that, "for purposes of Sentencing Guideline 2J1.2, the phrase 'administration of justice' does not encompass Congress's role in the electoral certification process." *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024). This Court issued the mandate in *Brock* on April 23, 2024. On June 28, 2024, the Supreme Court decided *Fischer*, holding that § 1512(c)(2) requires proof that the defendant impaired or attempted to impair "the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding," and remanded the case to this Court for further proceedings. *Fischer v. United States*, 144 S. Ct. 2176, 2190 (2024). This Court issued its mandate in *Fischer* on August 7, 2024.

5. On August 14, 2024, the Court ordered that this case remain in abeyance and directed the parties to file motions to govern further proceedings by August 28, 2024.

6. Given the Supreme Court's decision in *Fischer*, the parties respectfully move to vacate Reffitt's conviction under 18 U.S.C. § 1512(c)(2)—leaving the remaining convictions intact—and remand this case for further proceedings.[1]

## CONCLUSION

WHEREFORE, appellant Guy Reffitt, and appellee, the United States of America, respectfully request that the instant motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB

---

[1] The Court need not resolve Reffitt's sentencing challenges because they are tied to the Guidelines calculation for his § 1512(c)(2) conviction and will be moot upon its vacatur. The United States acknowledges that the "administration of justice" enhancements under U.S.S.G. §§ 2J1.2(b)(1)(B) and (b)(2) do "not apply to interference with the legislative process of certifying electoral votes." *United States v. Brock*, 94 F.4th 39, 42 (D.C. Cir. 2024).

Assistant United States Attorney

/s/ Sonia Mittal
SONIA MITTAL
IL Bar # 6314706
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Sonia.Mittal@usdoj.gov
(202) 252-6829

/s/ F. Clinton Broden
F. Clinton Broden
TX Bar No. 24001495
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594 (fax)
clint@texascrimlaw.com

## Certificate of Compliance with Rule 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 655 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/ Sonia Mittal
SONIA MITTAL
Assistant United States Attorney

## Certificate of Service

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, F. Clinton Broden, Esq., on this 28th day of August, 2024.

/s/ Sonia Mittal
SONIA MITTAL
Assistant United States Attorney